IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAAAM, INC. doing business as
TIGERLAND EXXON,
        Plaintiff,                               06cv0209
     v.                                      Electronically Filed

EXXON MOBIL CORPORATION, ET AL.,
        Defendants.

## Memorandum Opinion

**November 15, 2006**

      Before the Court is defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Document No. 43), which was filed to cure the deficiency noted by the Special Master in his Report and Recommendation of September 20, 2006 (Document No. 36), for lack of subject matter jurisdiction and for failure to state a claim.

      A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a claim. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (distinguishing non-jurisdictional issues from jurisdictional issues and holding that only jurisdictional issues should be evaluated under the standard for a Rule 12(b)(1) motion). When a motion to dismiss challenges subject matter jurisdiction, the district court must distinguish between "12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977) (explaining that 12(b)(6) motions necessitate a ruling on the merits while other motions to dismiss deal with procedural defects, and 12(b)(1) motions in particular address the trial court's power to hear the case).

In ruling on 12(b)(1 ) motions to dismiss that attack the complaint on its face, "the court must consider the allegations of the complaint as true." *Id*.  Dismissal for a facial challenge is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir. 1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).  However, pursuant to a Rule 12(b)(1) challenge to subject matter jurisdiction, the plaintiff bears the burden of proving that the relevant jurisdictional requirements are satisfied.  See *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999).  A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987).  Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the

Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Defendants' motion to dismiss for lack of jurisdiction and for failure to state a claim essentially raises the issues set forth in their objections to the Report and Recommendation, with the addition that defendants assert that plaintiff's amended complaint actually solidifies their arguments for dismissal in certain respects. The Court finds Special Master Wycoff's Report and Recommendation to be compelling, however, and therefore adopts its reasoning and the recommendations of the Special Master.

For the reasons set forth in Special Master Wycoff's Report and Recommendation, this Court finds that plaintiff has alleged sufficient facts to demonstrate that exercise of subject matter jurisdiction would not be wholly insubstantial or frivolous, that defendants' arguments for dismissal are premature, and that, viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early stage of the proceedings, that plaintiff will be able to state no set of facts in support of its claims. The Motion to Dismiss Plaintiff's Second Amended Complaint (Document No. 43) will, therefore, be denied by separate Order of Court.

    s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All counsel of record listed on ECF docket